```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


GORDON DUFF CULWELL, ET AL.,    §
                                §
        Plaintiffs,             §
                                §
VS.                             §   NO. 4:04-CV-655-A
                                §
CITY OF FORT WORTH, TEXAS,      §
                                §
        Defendant.              §
```

## MEMORANDUM OPINION
### and
### ORDER

After having considered the motion of City of Fort Worth, Texas ("City"), defendant, for summary judgment, the record in this action, and applicable authorities, the court has concluded that such motion should be granted.

### I.

### Plaintiffs' Claims

This action was instituted by plaintiffs, Gordon Duff Culwell ("Culwell") and William Patrick Conrad ("Conrad"), by the filing of their complaint in September 2004. In response to an order directing plaintiffs to replead, they filed their amended complaint ("complaint") in February 2005.

Plaintiffs, former employees of City, seek recovery of damages, attorneys' fees, litigation expenses, and costs of court against City based on claims that City committed discriminatory acts against them on account of their race (Caucasian) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and in violation of certain

laws of the State of Texas. Plaintiffs claim that the discrimination occurred when City terminated the employment of plaintiffs for City. Included in plaintiffs' claims are allegations that City retaliated against them in the terms, conditions, and privileges of their employment and subjected them to intolerable working conditions by creating or allowing the creation of an atmosphere of harassment and hostile work environment.

## II.

### The Motion for Summary Judgment

The grounds of the motion are that:

(1) City is entitled to judgment as a matter of law on the discrimination claims, because (a) plaintiffs cannot establish a prima facie case of discrimination, (b) City had a legitimate non-discriminatory reason for discharging plaintiffs, and (c) plaintiffs cannot create a genuine issue of material fact.

(2) City is entitled to judgment as a matter of law on the retaliation claims, because (a) the claims exceed the scope of plaintiffs' charges of discrimination, (b) Culwell cannot establish a prima facie case of retaliation, and (c) Conrad cannot prove that but for his protected activity he would not have been terminated.

(3) City is entitled to judgment as a matter of law on plaintiffs' claims of harassment and hostile work environment.

Though the motion for summary judgment was filed September 8, 2005, plaintiffs have not responded.[1]

### III.

### Undisputed Facts

The following facts are established by the summary judgment record without dispute. Culwell was an employee of City, working as a Code Enforcement Officer from 1997 to 2003. His job duties and responsibilities included investigating violations of city ordinances regarding substandard structures. When his employment was terminated in June 2003, the primary part of his job was coordinating demolition orders and working with demolition contractors. Conrad was employed by City from 1988 until his employment was terminated in June 2003. His first position with the City was Code Enforcement Officer. He was promoted to Lead Officer in 1991, a position he held until his employment terminated. As Lead Officer, Conrad was responsible for supervising other code officers and managing a sector office. While employed by the City, plaintiffs created DCH of Texas, L.L.C., ("DCH") for the purpose of buying and selling real estate. Through DCH, plaintiffs engaged in a private real estate

---

[1] On September 28, 2005, plaintiffs filed a procedurally inadequate motion for leave to extend time to file a response. By order signed September 29, 2005, the court directed that the motion for leave be stricken and unfiled. As the court was in the process of completing this memorandum opinion and order, the court received another motion filed by plaintiffs for leave to extend time to file their response. Not only is the motion untimely, it otherwise is without merit. Therefore, by separate order the court is denying the motion for leave.

3

business focused primarily on the purchase of residences deemed substandard by the staff of the Code Compliance Department.

When the director of the department, Carl Smart ("Smart"), learned in May 2003 of the nature of plaintiffs' real estate activities, he caused an investigation to be made of those activities. Smart determined that plaintiffs were using information in City's files to locate property owners to attempt to purchase properties, and that while plaintiffs were making efforts to obtain titles to the properties they kept the properties out of the enforcement process. Based on the information he received through the investigation, Smart made the decision to terminate plaintiffs' employment. He discharged them, because he concluded that the manner in which they conducted their outside business was unethical and a violation of City's policies, procedures, work rules, and guidelines relating to ethical conduct. His decision to discharge plaintiffs was motivated solely by their inappropriate business activities and had nothing to do with their race.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material

4

fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

Title VII prohibits City from discharging or otherwise discriminating against its employees because of the employee's

5

race.  See 42 U.S.C. § 2000e-2(a)(1).  For plaintiffs to prevail in this case, they must establish that their race was a motivating factor in Smart's decision to discharge them.  See Roberson v. Alltel Info. Serv., 373 F.3d 647, 652 (5th Cir. 2004).  The court is satisfied from the summary judgment record that plaintiffs will not be able to present any evidence to a fact-finder that would support a finding that their race was a motivating factor in the decision to terminate their employment with City.  They cannot establish a prima facie case of discrimination because there is no evidence that they were treated less favorably than similarly situated individuals who were not Caucasian.  Moreover, even if they could establish a prima facie case of race discrimination, City nevertheless would be entitled to judgment as a matter of law, because City had a legitimate non-discriminatory reason for terminating plaintiffs' employment.  The mere fact that plaintiffs might disagree with Smart's conclusions relative to their conduct does not establish a discriminatory motive.  See Bryant v. Compass Group USA, Inc., 413 F.3d 471, 478 (5th Cir. 2005).  Plaintiffs have not brought the court's attention to any evidence suggesting that City's articulated legitimate non-discriminatory reason for termination of plaintiffs' employment was a pretext for discrimination.

Similarly, there is no summary judgment evidence to suggest that City retaliated against plaintiffs in violation of Title VII or the Texas Commission on Human Rights Act ("TCHRA").  The summary judgment record does not contain any evidence that would

6

establish a <u>prima facie</u> case of retaliation as to Culwell, and as to Conrad there is no summary judgment evidence that but for his protected activities he would not have been terminated.

Moreover, before a person can file a civil action under Title VII or the TCHRA, he must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Texas Commission on Human Rights.  <u>See</u> <u>Pope v. MCI Telecomm. Corp.</u>, 937 F.2d 258, 263 (5th Cir. 1991).  Each plaintiff filed a charge of discrimination with the EEOC and the Texas Commission on Human Rights, each complaining that his employment was terminated because of his race.  Neither complained that he was retaliated against for engaging in activities protected by Title VII or the TCHRA.  Those failures provide a reason why plaintiffs cannot prevail on their retaliation claims.

Finally, there is no summary judgment evidence to support plaintiffs' allegations that they were subjected to an atmosphere of harassment and a hostile work environment.

For the reasons stated above, City is entitled to judgment as a matter of law as to all claims asserted against City by plaintiffs.

## VI.

### <u>Order</u>

Therefore,

The court ORDERS that City's motion for summary judgment be, and is hereby, granted; and

7

The court further ORDERS that all claims asserted by plaintiffs against City be, and are hereby, dismissed.

SIGNED October   19 , 2005.

                                       /s/ John McBryde
                                       JOHN McBRYDE
                                       United States District Judge